■ FRANK TAURIELLO, Respondent, v NEW YORK TELEPHONE COMPANY et al., Appellants, et al., Defendants. (And a Third-

Party Action.) [605 NYS2d 373] —In an action to recover damages for personal injuries, the defendants New York Telephone Company, Rockland Cable Systems, Rockland Cable Systems, a Division of American Cable Systems, and American Cable Systems appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 10, 1991, as, upon reargument and renewal, granted the plaintiff's motion for partial summary judgment against them on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was seriously injured as he was switching cable television attachments from a utility pole owned by the defendant New York Telephone Company and located at Thiells-Mt. Ivy Road in Pomona, New York. The plaintiff, using spiked boots and metal rungs on the pole, climbed up some 25 to 30 feet to the level of the cable television line. He was wearing a hard hat and a safety belt, which he hooked around the pole. Upon disconnecting the television cable, the pole broke and fell across the road while the plaintiff was still attached to the pole by his belt.

Labor Law § 240 (1) provides, in pertinent part: "All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". It is settled that Labor Law § 240 (1) " ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" ' " (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). Labor Law § 240 (1) "imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (*Jock v Fien,* 80 NY2d 965, 967-968). The statutory duty is not diminished by contributory fault (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513, *supra*). The utility pole from which the plaintiff fell is a "structure" within the meaning of the statute (*see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942; *Dedario v New York*

*Tel. Co.,* 162 AD2d 1001). On review of the evidence submitted on the plaintiff's motion, we find that the transfer of cable television service as performed here by plaintiff constituted an alteration to the structure *(see, Dedario v New York Tel. Co., supra).* We further find that the plaintiff has proved that the owners of the utility pole violated Labor Law § 240 (1) and that the violation was the proximate cause of his injury. They had the nondelegable duty of furnishing or erecting devices "which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]; *see, Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775). We conclude, therefore, that plaintiff is entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.