■ KEVIN A. PURDIE, Appellant, v CRESTWOOD LAKE HEIGHTS SECTION 4 CORP., Defendant and Third-Party Plaintiff-Respondent. MASE ELECTRIC, INC., Third-Party Defendant-Respondent. [646 NYS2d 815] —In an action to recover damages

for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 4, 1994, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted the separate cross motions of the defendant and the third-party defendant for summary judgment dismissing the Labor Law § 240 (1) cause of action, and (2) an order of the same court, entered March 7, 1995, as upon, in effect, granting reargument, adhered to the original determination.

Ordered that the appeal from the order entered October 4, 1994, is dismissed, as that order was superseded by the order entered March 7, 1995, made upon reargument; and it is further,

Ordered that the order entered March 7, 1995, is modified by deleting the provisions thereof which adhered to so much of the prior determination as granted the separate cross motions to dismiss the plaintiff's cause of action under Labor Law § 240 (1), and substituting therefor a provision denying those cross motions; as so modified, the order entered March 7, 1995, is affirmed insofar as appealed from, so much of the order entered October 4, 1994, as granted the cross motions of the defendant and third-party defendant for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the cross motion of the defendant third-party plaintiff for summary judgment on the issue of common law indemnification; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff, Kevin A. Purdie, had been dispatched to the premises of the defendant third-party plaintiff, Crestwood Lake Heights Section 4 Corp. (hereinafter Crestwood), by his employer, the third-party defendant Mase Electric, Inc. (hereinafter Mase). His assignment was to, *inter alia,* repair and or replace various light fixtures attached to the building walls. In the course of replacing one of the light fixtures the plaintiff fell from a ladder. He did not notice any instability connected with the ladder prior to his fall, nor did the ladder shift as a result of his fall or immediately thereafter. The plaintiff subsequently commenced this action seeking, *inter alia,* to recover damages pursuant to Labor Law § 240 (1).

The plaintiff thereafter moved for partial summary judgment on the issue of liability under Labor Law § 240 (1), while Crestwood and Mase (hereinafter collectively the respondents) each cross-moved to dismiss the plaintiff's causes of action

under Labor Law § 240 (1). Crestwood also moved for summary judgment on the issue of common law indemnification against Mase.

By order dated September 30, 1994, the Supreme Court denied the plaintiff's motion and granted the respondents' cross motions to dismiss plaintiff's cause of action under Labor Law § 240 (1). In light of this determination, it also "dismissed" Crestwood's cross motion for summary judgment based upon common law indemnity.

Thereafter, the plaintiff moved to reargue so much of the court's determination as denied his motion for summary judgment, and granted the respondents' cross motions to dismiss his cause of action under Labor Law § 240 (1). The motion was opposed by the respondents. By order entered March 7, 1995, the Supreme Court, in effect, granted reargument and upon considering the issues on the merits, adhered to its prior determination.

We find that the act of taking down a light fixture and replacing it with another fixture cannot be considered routine maintenance, such as changing a light bulb, so as to disqualify the plaintiff from the statutory protection provided to a worker who is engaged "in the * * * repairing [or] altering, * * * of a building or structure" (Labor Law § 240 [1]; *see, Vessio v Ador Converting & Biasing,* 215 AD2d 648; *Tauriello v New York Tel. Co.,* 199 AD2d 377; *see generally, Izrailev v Ficarra Furniture,* 70 NY2d 813; *cf., Smith v Shell Oil Co.,* 85 NY2d 1000). Accordingly, the Supreme Court improperly dismissed the plaintiff's cause of action under Labor Law § 240 (1). However, judgment on the issue of liability was properly denied as factual questions exist concerning whether the ladder in question was adequate under the circumstances to provide the plaintiff with proper support (*see, Gange v Tilles Inv. Co.,* 220 AD2d 556; *Vessio v Ador Converting & Biasing, supra*).

We note that in light of our determination, the Supreme Court should determine, on the merits, Crestwood's motion for summary judgment on the issue of common law indemnification. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.