■ LEE H. COOK et al., Respondents, v PRESBYTERIAN HOMES OF WESTERN NEW YORK, INC., et al., Appellants and Third-Party Plaintiffs. ABD LIGHTING MANAGEMENT COMPANY, INC., Third-Party Defendant-Appellant. [655 NYS2d 701] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiffs' motion for partial

summary judgment on the Labor Law § 240 (1) cause of action. Lee H. Cook (plaintiff), an electrical technician, injured his back while working on a ladder to repair a light in defendants' parking lot. Plaintiff testified at his deposition that, while carrying a 20-pound light fixture over his shoulder, his left foot slipped from one rung of the ladder to another, thereby causing injury to his back. In opposition to the motion, plaintiff's employer, third-party defendant, ABD Lighting Management Company, Inc. (ABD), submitted two previous statements signed by plaintiff in which he did not mention that his foot had slipped. Instead, plaintiff stated that he twisted his back when he caught the light fixture after it had slipped off his shoulder. Thus, although plaintiffs met their initial burden, ABD raised a triable issue of fact by submitting plaintiff's prior inconsistent versions of the incident (*see, Wilson v Haagen-Dazs Co.*, 215 AD2d 338, *lv dismissed* 86 NY2d 838; *Colazo v Tower 45 Assocs.*, 209 AD2d 339). Contrary to plaintiffs' contention, the inconsistencies are neither minor nor immaterial (*see, Muhammad v Hyman Constr.*, 216 AD2d 206); if plaintiff did not slip on the ladder, he was not a falling worker in the context of Labor Law § 240 (1).

ABD further contends that the Labor Law § 240 (1) cause of action should be dismissed because plaintiff was not engaged in a protected activity when injured. We disagree. Plaintiff and a co-worker removed a defective fixture from defendants' light pole, attached a new transformer to the fixture and then attempted to reinstall it on the light pole, which was 25 to 27 feet in height. Two workers were assigned to the task and neither was able to accomplish it. In our view, plaintiff was repairing and altering the light pole, thereby bringing him within the coverage of section 240 (1) (*see, Fuller v Niagara Mohawk Power Corp.*, 213 AD2d 986, *lv denied* 86 NY2d 708; *Tauriello v New York Tel. Co.*, 199 AD2d 377; *Salzler v New York Tel. Co.*, 192 AD2d 1104). ABD's reliance on *Smith v Shell Oil Co.* (85 NY2d 1000) and *Manente v Ropost, Inc.* (136 AD2d 681) is misplaced. Unlike the maintenance workers in those cases, plaintiff was not merely replacing light bulbs; his work involved more than routine maintenance.

We therefore modify the order by denying plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.