■ JOHN A. CIANCIO, Respondent, v WOODLAWN CEMETERY ASSOCIATION et al., Respondents. WOODLAWN CEMETERY ASSOCIATION, Third-Party Plaintiff-Respondent-Appellant, v WESTCHESTER VAULT COMPANY, INC., Third-Party Defendant-Appellant-Respondent. [671 NYS2d 466] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about February 13, 1997, which, to the extent appealed from, denied defendant and third-party plaintiff's cross motion for summary judgment dismissing the complaint and denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Plaintiff is employed as a burial vault installer by third-party defendant Westchester Vault Company. In the course of lowering the lid onto a burial vault that he had installed at Woodlawn Cemetery, plaintiff fell from the six-inch-wide plank on which he was standing after one of the hundreds of mourners in attendance at the funeral came into contact with him. Plaintiff fell into the open grave, sustaining unspecified injuries. The complaint seeks to impose liability upon defendant Woodlawn, as owner of the cemetery, under Labor Law §§ 200, 240 (1) and § 241 (6). Liability against the funeral home is predicated on its failure to undertake measures to control the large number of mourners.

Woodlawn Cemetery brought a third-party action against plaintiff's employer, Westchester Vault Company, seeking indemnification. Supreme Court denied the respective defense motions for summary judgment dismissing the complaint and third-party complaint, finding that triable issues of fact exist with regard to both the allegations of statutory violations of the Labor Law and of common-law negligence for failing to undertake crowd control measures. Woodlawn and Westchester Vault Company both appeal.

Labor Law § 200 is a codification of the common-law duty to maintain a safe work site imposed on the party having "the authority to control the activity bringing about the injury" (*Russin v Picciano & Son*, 54 NY2d 311, 317). The defense that plaintiff's injuries were sustained as the result of an intervening agent is unpersuasive because the danger presented by a large crowd is a matter of common experience, and foreseeable intervening misconduct will not serve to supersede liability (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562; *Rosario v City of New York*, 157 AD2d 467, 470). There is no question that Woodlawn Cemetery, as owner of the property and the party allegedly supplying the plank from which plaintiff fell, is exposed to liability for its failure to maintain the site so as to provide a safe workplace.

The complaint also states a viable cause of action under Labor Law § 240 (1), which imposes a nondelegable duty upon property owners and general contractors to furnish suitable devices to ensure the safety of workers exposed to elevation-related risks while engaged in the performance of work upon a "structure". The term is construed liberally to include " 'any production or piece of work artificially built up or composed of parts joined together in some definite manner' (*Caddy v Interborough R. T. Co.*, 195 NY 415, 420)" (*Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943 [telephone pole constitutes a

structure]; *Dedario v New York Tel. Co.*, 162 AD2d 1001 [telephone pole]; *Smith v Shell Oil Co.*, 85 NY2d 1000 [Shell sign]; *Tauriello v New York Tel. Co.*, 199 AD2d 377 [utility pole]). A grave vault is encompassed within the liberal definition accorded to the term "structure" (*see, Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197 [buried gas pipeline is a structure], *affd* 89 NY2d 952), and the plank placed across the grave opening comes within the general scope of "scaffolding" (*see, Pioli v Morgan Guar. Trust Co.*, 199 AD2d 144, 145, *lv denied* 87 NY2d 801). Finally, the excavation provides the necessary height differential to constitute an elevation risk against which the statute affords protection (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514).

Plaintiff also states a viable claim against the cemetery under Labor Law § 241 (6), requiring compliance by the property owner with rules and regulations promulgated by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). A grave is an "excavation" within the purview of the statute, requiring adequate safety measures to be implemented (*see, Mosher v State of New York*, 80 NY2d 286, 288 ["the scope of subdivision (6) is not limited to building sites"]).

As to the third-party complaint, it is settled that a party subjected to absolute vicarious liability pursuant to Labor Law § 240 (1) may seek contribution from a party whose culpable conduct caused the injury (*Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6; *Guillory v Nautilus Real Estate*, 208 AD2d 336, 339, *lv denied* 86 NY2d 881; *Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633). Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.