◼ EDWARD FITZPATRICK et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 101367.) [809 NYS2d 515]—

In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Nadel, J.), dated June 24, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing their claim pursuant to Labor Law § 240 (1), and denied that branch of their cross motion which was for summary judgment on the issue of liability on that claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the claim pursuant to Labor Law § 240 (1) is denied, and that branch of the claimants' cross motion which was for summary judgment on the issue of liability on that claim is granted.

The claimant Edward Fitzpatrick (hereinafter Fitzpatrick) allegedly was injured when he fell from a ladder while working on premises owned by the defendant, State of New York. He and his wife (asserting a derivative claim) commenced this claim against the State, inter alia, to recover damages for personal injuries. After issue was joined and significant disclosure was conducted, the State moved, among other things, for summary

judgment dismissing the claim pursuant to Labor Law § 240 (1) on the ground that Fitzpatrick was not engaged in activity protected under the statute at the time of his accident. The claimants cross-moved, inter alia, for summary judgment on the issue of liability on that claim. We reverse the order granting summary judgment to the State and denying summary judgment to the claimants.

On the day in question, Fitzpatrick was working on his assigned task of restoring lighting to a parking lot on premises owned by the State. In furtherance of this assignment, he used a ladder to replace a neglected lighting fixture located on a pole in the lot with another fixture that would accept a long-lasting, incandescent bulb. He then used a ladder to access the roof of a shed adjacent to a photo cell that needed replacement. The photo cell automatically controlled the parking lot lighting. According to Fitzpatrick, he fell from the ladder when it twisted as he was stepping onto it from the shed roof after completing his work on the photo cell.

The State contends that the claim pursuant to Labor Law § 240 (1) was properly dismissed because Fitzpatrick was engaged in routine maintenance in a nonconstruction, nonrenovation setting at the time of his accident (i.e., the replacement of a photo cell), and such activity is not protected under the statute (*see Smith v Shell Oil Co.*, 85 NY2d 1000 [1995]). The State asserts that the replacement of a photo cell is analogous to the replacement of a burnt-out light bulb (which has been held to be routine maintenance) because photo cells are inexpensive items with limited useful life spans that require regular replacement. However, we agree with the claimants that the replacement of the photo cell should not be viewed in isolation from the totality of Fitzpatrick's activities. The recent case of *Prats v Port Auth. of N.Y. & N.J.* (100 NY2d 878 [2003]) is instructive.

In *Prats*, the plaintiff was employed by a company hired to clean, repair, and rehabilitate air handling units, and their supports, anchors, and piping, at the former World Trade Center complex (*id.* at 879). The work required the company to ascertain the extent of all construction that would be needed to complete the work (*id.* at 879-880). The plaintiff in *Prats* allegedly was injured when a ladder upon which he and a coworker were standing slid out as they were preparing an air handling unit for inspection (*id.* at 890). In rejecting the argument that the plaintiff was not entitled to recover under Labor Law § 240 (1) because, "at the time of injury," he was engaged in inspection work only, the *Prats* court held: "Although at the instant of

the injury [the plaintiff] was inspecting and putting the finishing touches on what he had altered, he had done heavier alteration work on other days at the same job site on the same project. He was a member of a team that undertook an enumerated activity under a construction contract, and it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work. The intent of the statute was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts." (*Id.* at 878.) The *Prats* court distinguished *Martinez v City of New York* (93 NY2d 322 [1999]), a case in which the plaintiff was held to have been engaged in inspection activity not protected under the statute, holding that "the work here did not fall into a separate phase easily distinguishable from other parts of the larger construction project" (*id.* at 881). Further, the *Prats* court noted, the plaintiff's inspection work in the case before it was not conducted in "anticipation" of the actual construction work, or after the work was completed, but rather was "ongoing and contemporaneous with the other work that formed part of a single contract" (*id.*). Finally, the *Prats* court noted that, in the case before it, the workers who conducted inspections "also performed other, more labor-intense aspects of the project" and the company that employed them "was carrying out a contract requiring construction and alteration—activities covered by section 240 (1)" (*id.*).

Here, the replacement of the photo cell may be properly characterized as routine maintenance (*see Smith v Shell Oil Co., supra*). However, the replacement of the light fixture on the lighting pole transcended mere routine maintenance and was activity protected under the statute (*see Joblon v Solow*, 91 NY2d 457 [1998]; *Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906 [1996]). Further, the replacement of the photo cell was not a separate phase of Fitzpatrick's larger assignment of restoring lighting to the parking lot that was easily distinguishable from the other parts of the task. Rather, the replacement of the photo cell was contemporaneous with the replacement of the lighting fixture and performed by the same party. Consequently, it would not be consistent with the spirit of the statute to isolate the work being performed by Fitzpatrick at the moment of his injury (replacement of the photo cell) and ignore the general context of his work, which encompassed activity protected under the statute. Thus, Labor Law § 240 (1) applies.

The State failed to make a prima facie showing that there was no violation of Labor Law § 240 (1) and that Fitzpatrick's own actions were the sole proximate cause of his accident (*see*

*Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Chlap v 43rd St.-Second Ave. Corp.,* 18 AD3d 598 [2005]). Moreover, in response to the plaintiffs' prima facie showing of entitlement to summary judgment on that claim, the State failed to raise a triable issue of fact. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.