■ Samuel Eisenstein et al., Respondents, v Board of Managers of the Oaks at La Tourette Condominium Sections I-IV, Appellant. [842 NYS2d 72]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated September 12, 2006, as granted the plaintiffs' motion for leave to renew their opposition to that branch of its prior motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), which had been granted in a prior order of the same court dated January 31, 2006, and upon renewal, vacated so much of the order dated January 31, 2006, as granted that branch of its motion which was for summary judgment and, in effect, denied that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to renew based upon a case decided by this Court on the same day that the Supreme Court issued its order granting the defendant's original motion for summary judgment (see Fitzpatrick v State of New York, 25 AD3d 755 [2006]). In Fitzpatrick, this Court clarified the law regarding the applicability of Labor Law § 240 (1) to workers

injured during the course of repairing or replacing lighting fixtures at an elevated height, as contrasted with workers injured while performing the isolated task of changing light bulbs as part of routine lighting fixture maintenance.

Here, upon renewal, the Supreme Court properly determined that, as in *Fitzpatrick*, the injured plaintiff was hurt as a result of a fall from a ladder which occurred while repairing a lighting fixture. The general context of the injured plaintiff's work encompassed activity protected under the statute, and thus, Labor Law § 240 (1) applies (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]; *Fitzpatrick v State of New York*, *supra* at 757). Accordingly, upon renewal, the Supreme Court properly vacated so much of its prior order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and properly, in effect, denied that branch of the motion.

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.