■ HUBERT NOWAKOWSKI, Respondent, v DOUGLAS ELLIMAN REALTY, LLC, et al., Appellants, et al., Defendants. [913 NYS2d 241]—

In an action to recover damages for personal injuries, the defendants Douglas Elliman Realty, LLC, and Kreisel Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 27, 2010, as denied that branch of their cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is awarded to the plaintiff on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Douglas Elliman Realty, LLC, and Kreisel Company, Inc.

The plaintiff was injured when, in the course of his employ-

ment as a porter at a residential building, he fell from a stepladder which broke while he was in the process of removing a ceiling light fixture in order to repair it. The Supreme Court, inter alia, denied that branch of the appellants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them.

Labor Law § 240 (1) provides, inter alia, that owners and agents must provide proper protection to workers employed in the "repairing" of a building (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]). The appellants argue that the plaintiff was engaged in routine maintenance in a nonconstruction, nonrenovation setting when the accident occurred and, thus, that the cause of action based upon Labor Law § 240 (1) should have been dismissed insofar as asserted against them. However, this Court has previously held that the activity of removing a light fixture so that it can be repaired or replaced is deemed a repair and, thus, falls within the purview of Labor Law § 240 (1) (*see Eisenstein v Board of Mgrs. of Oaks at La Tourette Condominium Sections I-IV*, 43 AD3d 987 [2007]; *Fitzpatrick v State of New York*, 25 AD3d 755 [2006]; *Piccione v 1165 Park Ave.*, 258 AD2d 357 [1999]; *Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906 [1996]; *Purdie v Crestwood Lake Hgts. Section 4 Corp.*, 229 AD2d 523 [1996]). By contrast, where the activity is more in the nature of routine maintenance, such as when it involves replacing component parts which wear out in the normal course of "wear and tear," without also removing the fixture, then the provisions of Labor Law § 240 (1) would not apply (*see e.g., Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]).

Here, the plaintiff's initial activity regarding the subject light fixture, which took place a few days before the subject accident, was in the nature of routine maintenance, since the plaintiff testified at his deposition that he was merely going to replace a light bulb which had apparently burnt out. However, the plaintiff's testimony showed that he was engaged in repair work at the time of the accident, as he testified that he was in the process of removing the light fixture from the ceiling so that it could be repaired after realizing that the problem was not merely a burnt out bulb.

Moreover, the fact that the light fixture eventually was repaired by the replacement of a component part thereof does not obviate the fact that the fixture had to be removed from the ceiling in order to accomplish such repair (*see Fitzpatrick v State of New York*, 25 AD3d 755 [2006]). Further, the evidence

showed that the repaired part was not one which regularly wore out in the normal course of "wear and tear" (*cf. Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Deoki v Abner Props. Co.*, 48 AD3d 510 [2008]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734 [2008]).

Accordingly, under the circumstances of this case, we find that, as a matter of law, the plaintiff was engaged in an activity covered by the provisions of Labor Law § 240 (1). Thus, the appellants were not entitled to summary judgment dismissing that cause of action insofar as asserted against them. In addition, since there is no factual dispute to be resolved, it is appropriate to search the record and award summary judgment to the plaintiff on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against the appellants (*see Kinsler v Lu-Four Assoc.*, 215 AD2d 631 [1995]). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.