■ JOSEPH ROBINSON et al., Appellants, v NATIONAL GRID ENERGY MANAGEMENT, LLC, Defendant, and T-MOBILE USA, Inc., et al., Respondents. [57 NYS3d 48]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated March 30, 2015, as granted those branches of the motion of the defendants T-Mobile USA, Inc., and Omnipoint Communications, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against those defendants and for leave to serve a supplemental bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of an accident that occurred while the plaintiff Joseph Robinson (hereinafter the injured plaintiff) was employed as an electrical foreman for a company hired by the defendant T-Mobile USA, Inc. (hereinafter T-Mobile), to perform various telecommunication services. On the day of the accident, the injured plaintiff was directed to assist in the installation of an antenna atop a 60-foot utility pole leased by T-Mobile. He climbed into an aerial bucket, which was attached to a boom on a bucket truck, and tried to raise the bucket so as to access the top of the utility pole. However, the lift function on the truck malfunctioned and the bucket remained stuck in the "cradle position" on the truck; that is, the bucket did not elevate. While the injured plaintiff was inside the bucket he noticed that the "dielectric liner," which usually covers the inside of the bucket to protect workers from electrical shock, was not in place. When the injured plaintiff determined that he would be unable to raise the bucket, he started to exit the bucket, which was still in the cradle position on the body of the truck. The injured plaintiff testified at his deposition that he exited the bucket the "normal" way, by sitting on the edge of the bucket facing the inside, and turning his legs around. However, as he was turning, his foot became stuck in a part of the bucket that was usually covered by the dielectric liner, and he slipped and fell approximately 12 to 15 feet to the ground.

The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, T-Mobile alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). The plaintiffs subsequently filed an amended complaint adding the defendant Omnipoint Communications, Inc. (hereinafter Omnipoint), to the action. T-Mobile and Omnipoint (hereinafter together the T-Mobile de-

fendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs cross-moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the T-Mobile defendants, and for leave to serve an amended bill of particulars so as to replace an allegation concerning one violation of the Industrial Code with several others. The Supreme Court granted the T-Mobile defendants' motion, and denied the plaintiffs' cross motion. The plaintiffs appeal.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Hugo v Sarantakos*, 108 AD3d 744, 744-745 [2013]). To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). While an injured worker's comparative negligence is not a defense to a Labor Law § 240 (1) cause of action, the "recalcitrant worker" defense may allow a defendant to avoid liability under the statute "where a plaintiff's own actions are the sole proximate cause of the accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 662 [2015]).

Here, while the Supreme Court properly granted that branch of the T-Mobile defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, it improperly did so based on its conclusion that the injured plaintiff's negligence in exiting the bucket was the sole proximate cause of the accident. Since the evidence presented by the T-Mobile defendants demonstrated that it was standard practice to exit the bucket by sitting on the edge and turning around, and there was no evidence that the injured plaintiff was instructed to exit the bucket differently, the T-Mobile defendants could not avoid liability under section 240 (1) through the recalcitrant worker defense (*see Fronce v Port Byron Tel. Co., Inc.*, 134 AD3d 1405, 1407 [2015]; *see also Doto v Astoria Energy II, LLC*, 129 AD3d at 662). However, the T-Mobile defendants demonstrated, prima facie, that the bucket truck from which the injured

plaintiff fell was not defective or inadequate insofar as it related to providing him with fall protection (*see generally Hugo v Sarantakos,* 108 AD3d at 745; *Gaspar v Pace Univ.,* 101 AD3d 1073, 1074 [2012]). Although the dielectric liner was missing from the bucket, the injured plaintiff's own deposition testimony was that this device was designed to protect workers from electrical shocks, and not falls. Therefore, its absence did not constitute a failure to protect pursuant to Labor Law § 240 (1) (*see generally Narducci v Manhasset Bay Assoc.,* 96 NY2d at 267; *cf. Fronce v Port Byron Tel. Co., Inc.,* 134 AD3d at 1407; *Tauriello v New York Tel. Co.,* 199 AD2d 377, 378-379 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the T-Mobile defendants were entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and the court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against those defendants.

Further, the T-Mobile defendants established, prima facie, that the work the injured plaintiff was performing at the time of the accident did not involve construction, demolition, or excavation and, accordingly, that Labor Law § 241 (6) does not apply (*see Campbell v City of New York,* 32 AD3d 703, 705 [2006]; *Sarigul v New York Tel. Co.,* 4 AD3d 168, 170 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324). Accordingly, the Supreme Court properly granted that branch of the T-Mobile defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them, and properly denied the plaintiffs' cross motion for leave to serve a supplemental bill of particulars as academic, since it related to that cause of action.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.