McKnight v Metro-North R.R. (2021 NY Slip Op 01252)





McKnight v Metro-North R.R.


2021 NY Slip Op 01252


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05021
 (Index No. 51488/17)

[*1]Gerald McKnight, appellant, 
v
Metro-North Railroad, et al., respondents.


Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Adam B. Rosen and Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 28, 2019. The judgment, insofar as appealed from, upon an order of the same court dated January 15, 2019, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), is in favor of the defendants and against the plaintiff dismissing that cause of action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff was employed by nonparty Skanska E.C.C.O. III, a general contractor hired by the defendant Metro-North Railroad for the Harmon Shop Replacement Project (hereinafter the project). The project involved the construction of two two-story buildings. On August 19, 2016, the plaintiff was working at the project, performing welding work on one of the partially completed buildings. On that date, the plaintiff used an aerial lift to ascend to the second floor of the building and perform work on the roof. The plaintiff finished his work for the day at 3:00 p.m., descended to the ground floor, and put away his equipment. After realizing that he left his car keys on the second floor of the building, the plaintiff used the aerial lift to ascend to the second floor, retrieved his keys, and got back into the lift. However, when the plaintiff attempted to use the lift to descend to the ground floor, the lift "release[d]" and the plaintiff's head "slammed" into the railing of the lift's basket. He allegedly sustained injuries as a result.
In February 2017, the plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging, inter alia, a violation of Labor Law § 241(6). In August 2018, the defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the defendants' motion. In an order dated January 15, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action. The court subsequently issued a judgment dated March 28, 2019, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from so much of the judgment as dismissed the Labor Law § 241(6) cause of action.
The defendants established, prima facie, that the plaintiff was not engaged in any of [*2]the enumerated activities protected by Labor Law § 241(6) at the time of his accident by presenting evidence that the accident occurred after the plaintiff and his coworker had completed their work for the day (see Feinberg v Sanz, 115 AD3d 705, 706; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 753; see also Robinson v National Grid Energy Mgt., LLC, 150 AD3d 910, 913; Ferenczi v Port Auth. of N.Y. & N.J., 34 AD3d 722). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action.
Accordingly, we affirm the judgment insofar as appealed from.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court