Rivas v Panama Leasing, LLC (2025 NY Slip Op 03000)

Rivas v Panama Leasing, LLC

2025 NY Slip Op 03000

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, Gonzalez, Shulman, O'Neill Levy, JJ. 

Index No. 28019/18|Appeal No. 4377|Case No. 2024-00140|

[*1]Ekar Rivas, Plaintiff-Appellant,
v
Panama Leasing, LLC, Defendant-Respondent, Linphill Electrical Contractors, Inc., Defendant. [And A Third-Party Action]

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Harris Beach Murtha Cullina PLLC, New York (Brian D. Ginsberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 22, 2023, which, to the extent appealed from and as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and granted defendant Panama Leasing, LLC's motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to deny Panama summary judgment dismissing plaintiff's Labor Law § 240(1) claim, grant plaintiff partial summary judgment on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff's evidence in support of his motion established prima facie that his work, when viewed in totality (see Fitzpatrick v State of New York, 25 AD3d 755, 756-757 [2d Dept 2006]), involved a repair of the canopy's pendent lights that entailed work beyond mere routine maintenance, entitling him to the protections under Labor Law § 240(1). Plaintiff fell from an elevated working platform that did not allow him to reach safely overhead and operate drills to remove old, inoperable globe light fixtures and, while the power was off, detaching the electrical wires from the old fixture, then re-wiring a new replacement light fixture into place, followed by drilling holes into the canopy's concrete surface to permit screws to affix the new, smaller-size fixture into place and placing a lightbulb cover onto the replacement fixture (see Caban v 1691 Fulton Ave. Hous. Dev. Fund Corp., 200 AD3d 593 [1st Dept 2021]).
Panama's evidence in opposition failed to raise a triable issue as to plaintiff's Labor Law § 240(1) claim.
Plaintiff's Labor Law § 241(6) claim was properly dismissed as there was no evidence offered to show his lamp replacement work was undertaken in the context of construction, excavation, or demolition (see e.g. Caban, 200 AD3d at 594). Moreover, Industrial Code (12 NYCRR) § 23-1.7(d) (slipping hazards) on which plaintiff relies as a predicate for his Labor Law § 241(6) claim, is inapplicable as plaintiff did not slip on an
"elevated working surface," but rather, he slipped from the lift's railing, which is not a "working surface" (see e.g. Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 176 AD3d 1 [1st Dept 2019], mod on other grounds 34 NY3d 1166 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025