■ FREDA GATES POZEFSKY, Appellant, v RICHARD T. AULISI et al., Respondents, et al., Defendants. [914 NYS2d 15]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 15, 2009, which, in an action alleging legal malpractice, granted the motion of defendants-respondents to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

The motion court properly held that plaintiff could neither plead nor prove her claim of legal malpractice (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Leder v Spiegel*, 31 AD3d 266, 267-268 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]), as she failed to demonstrate that but for defendants attorneys' negligence, she would have attained a more favorable result in her underlying federal court action (*Pozefsky v Baxter Healthcare Corp.*, US Dist Ct, ND NY, 92 Civ 314, 1992). The record demonstrates that plaintiff's proposed expert would not have been allowed to testify at the federal

court trial in which plaintiff sought damages resulting from a breast implant rupture allegedly causing her to suffer systemic tissue disease and/or other autoimmune/rheumatic conditions, regardless of any negligence on the part of defendants in failing to produce the proposed expert for depositions, since his testimony on the issue of causation would not have survived a hearing pursuant to *Daubert v Merrell Dow Pharmaceuticals, Inc.* (509 US 579 [1993]).

In granting a motion to preclude the testimony of two of plaintiff's designated experts, the federal court conducted a thorough *Daubert* analysis with respect to the issue of causation in the context of injuries purportedly caused by or associated with silicone breast implants. The court reviewed the reports of three groups of independent experts, as well as studies published by many well known national and international, medical and scientific organizations, which all concluded that there was insufficient evidence to support the allegation that silicone breast implants are associated with defined or atypical connective tissue diseases, or other autoimmune/rheumatic diseases or conditions in women with such implants (*see Pozefsky v Baxter Healthcare Corp.*, 2001 WL 967608, 2001 US Dist LEXIS 11813 [ND NY 2001]). The federal court also cited to cases where the proposed expert was precluded from testifying on the causation issue since his theory that silicone implants could cause undifferentiated connective tissue diseases was not based on scientifically valid methodologies and has not been accepted in the scientific community (*see Havard v Baxter Intl. Inc.*, 2000 US Dist LEXIS 21316, *12-13 [2000]; *Grant v Bristol-Myers Squibb*, 97 F Supp 2d 986, 992 [2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31289(U).]**