[802 NE2d 1080, 770 NYS2d 682]

RICHARD ESPOSITO, Appellant, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents.

Decided November 20, 2003

**APPEARANCES OF COUNSEL**

*Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP*, New York City (*Hunter J. Shkolnik* of counsel), for appellant.

*Fiedelman & McGaw*, Jericho (*Ross P. Masler* of counsel), and *Jacobowitz, Garfinkel & Lesman*, for New York City Industrial Development Agency, respondent.

*Shaub, Ahmuty, Citrin & Spratt, LLP*, New York City (*Timothy R. Capowski* of counsel), and *Ahmuty, Demers & McManus*, for American International Group, Inc. and another, respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff was injured after falling from a ladder while attempting to remove a cover from an air conditioning unit on the 22nd floor of a commercial building in Manhattan. He was a member of Local 94 Operating Engineers Union, which did maintenance work for the building. American International Realty (AIR), a subsidiary of American International Group (AIG), leased the building from its owner, the New York City Industrial Development Agency (NYCIDA). Plaintiff sued AIR, AIG, NYCIDA and the New York City Environmental Development Corporation for violations of Labor Law § 240 (1) and § 241 (6). On the date of the accident, plaintiff was performing a monthly maintenance check of the air conditioning units on the 22nd through 29th floors. This included taking amperage readings and checking belts, sheaves and bearings. When checking the 22nd floor unit, plaintiff discovered a low amperage reading and heavy vibrations. The motor appeared worn and loose, and the belts were "chewed up." He left and returned with tools and parts needed to fix the machine. As he climbed a ladder and began to remove the unit's cover a second time, the bottom of the ladder "kicked out" and he fell.

Supreme Court held that plaintiff could not sustain a claim under section 240 (1), because he was not engaged in any of the covered activities. The Appellate Division affirmed, as do we. Section 240 (1) applies where an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." Although repairing is among the enumerated activities, we have distinguished this from "routine maintenance" (*Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]). The work here involved replacing components that require replacement in the course of normal wear and tear. It therefore constituted routine maintenance and not "repairing" or any of the other enumerated activities.

As for Labor Law § 241 (6), we have held it inapplicable outside the construction, demolition or excavation contexts (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]). Therefore, the maintenance work involved in this case fell outside that section's reach. We also agree that defendants satisfactorily established that plaintiff was a special employee of AIR.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.