[872 NE2d 1194, 840 NYS2d 888]

HOWARD LEDER, as Preliminary Executor of ABRAHAM WARSASKI, Deceased, Proponent, v MARSHALL SPIEGEL, Appellant, et al., Objectant. JOANNE ROWLAND, ESQ., Respondent.

Argued May 29, 2007; decided June 28, 2007

APPEARANCES OF COUNSEL

*Jeffrey A. Barr*, New York City, for appellant.
*Leo Fox*, New York City, for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

After unsuccessfully representing two objectants at a will contest trial in Surrogate's Court, respondent attorney petitioned the same court for legal fees. In their answer, objectants counterclaimed for legal malpractice, arguing that, but for respondent's negligent representation, they would have accepted a $108,000 settlement. In particular, objectants cited respondent's failure to anticipate that Surrogate's Court would not admit certain evidence. Respondent moved pursuant to CPLR 3211 (a) (7) for an order dismissing objectants' counterclaim.

Surrogate's Court dismissed objectants' counterclaim and awarded respondent her legal fees. In a 3-2 decision, the Appellate Division affirmed. Objectant Marshall Spiegel appeals as of right, and we now affirm.

> "In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action 'but for' the attorney's negligence" (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007] [internal citations omitted]).

Under the circumstances of this case, objectant's allegation regarding respondent's failure to anticipate the court's evidentiary rulings—even if accepted as true—does not establish negligence. Thus, objectants did not allege a prima facie case of legal malpractice and the courts below properly dismissed the counterclaim. Objectant's remaining contentions also lack merit.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.