■ TERRANCE WRAY, Appellant, v MALLILO & GROSSMAN, Respondent. [863 NYS2d 228]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 12, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant did not "exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the

plaintiff to sustain actual and ascertainable damages" (*Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Erdman v Dell,* 50 AD3d 627 [2008]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442). A defendant moving for summary judgment in a legal malpractice action must, therefore, establish prima facie that the plaintiff cannot prove at least one of the essential elements of the malpractice claim (*see Levy v Greenberg,* 19 AD3d 462 [2005]).

Here, the defendant met its prima facie burden of establishing entitlement to judgment as a matter of law by demonstrating that the plaintiff would be unable to prove that, but for any negligence on its part, he would have prevailed in the underlying action to recover damages against the premises owner under the Labor Law § 240 (1) and § 241 (6) causes of action. In opposition, the plaintiff failed to raise a triable issue of fact. In the underlying action, the Supreme Court determined that the facts and circumstances giving rise to the plaintiff's accident were insufficient as a matter of law to sustain a claim under the Labor Law § 240 (1) or § 241 (6). Accordingly, the plaintiff is collaterally estopped from relitigating those claims in the context of this legal malpractice action (*see Sutton v Ezra,* 224 AD2d 517 [1996]; *Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455 [1991]).

The plaintiff's remaining contentions either are not properly before us, as they are raised for the first time on appeal, or are without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.