■ PAUL MCFADDEN, Appellant, v BOH S. LEE et al., Respondents. [880 NYS2d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered May 29, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004 the plaintiff, a self-employed painter, performed certain interior painting and wallpapering for the defendants at their one-family home in Port Washington. Thereafter, at the request of the defendant Jennifer R. Lee (hereinafter Mrs. Lee), the plaintiff agreed to paint the exterior of the defendants' home. During the course of the exterior painting project, the plaintiff allegedly was injured when he fell from an aluminum extension ladder. According to the plaintiff, the defendants owned the ladder and Mrs. Lee gave him permission to use it, but at some point she expressed concern that the ladder was damaging the aluminum siding of the defendants' house immediately above a window. In response, the plaintiff decided to position the top of the ladder underneath the aluminum base of

the window. While the plaintiff was standing on the ladder in that position, the ladder allegedly slipped out from under him, causing him to fall to the ground and sustain injuries.

The plaintiff commenced this action against the defendants alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. We affirm.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *Lombardi v Stout,* 80 NY2d 290, 294 [1992]; *Kretowski v Braender Condominium,* 57 AD3d 950, 952 [2008]; *Chowdhury v Rodriguez,* 57 AD3d 121, 127-128 [2008]; *Ortega v Puccia,* 57 AD3d 54, 60-61 [2008]). "[A]n implicit precondition to this duty is that the party to be charged with that obligation 'have the *authority to control the activity bringing about the injury to enable it to avoid* or correct an unsafe condition' " (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d at 352, quoting *Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]).

The plaintiff concedes that the ladder provided to him was neither defective nor inadequate. Accordingly, under the circumstances, the ladder is not "part of the overall condition of the premises" (*Chowdhury v Rodriguez,* 57 AD3d at 129), and the defendants' liability does not pivot on their actual or constructive notice of any dangerous or defective condition of the ladder (*cf. Chowdhury v Rodriguez,* 57 AD3d at 130). Rather, the plaintiff was injured as a result of the manner in which he performed his work, and not by any dangerous or defective condition on the premises, and thus recovery against the defendants under Labor Law § 200 cannot be had "unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia,* 57 AD3d at 61). Evidence of mere general supervisory authority to oversee the progress of the work, to inspect the work product, and/or to make aesthetic decisions is insufficient to impose liability under Labor Law § 200 (*id.* at 62; *see Orellana v Dutcher Ave. Bldrs., Inc.,* 58 AD3d 612, 614 [2009]; *Affri v Basch,* 45 AD3d 615, 616 [2007]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have authority to

exercise supervision or control over the performance of the plaintiff's work (see Kretowski v Braender Condominium, 57 AD3d at 952; Ortega v Puccia, 57 AD3d at 62-63). In opposition, the plaintiff failed to raise a triable issue of fact since, contrary to his contention, Mrs. Lee's expression of concern about potential damage to the aluminum siding did not constitute her exercise or assumption of authority to supervise the plaintiff's work.

For the same reasons, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence claim (see Lombardi v Stout, 80 NY2d at 295).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.