■ STEPHEN REIDY, Appellant, v WILLIAM T. MARTIN et al., Defendants, and RICHARD B. HERMAN, Respondent. [909 NYS2d 761]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), dated October 9, 2009, as granted that branch of the motion of the defendant Richard B. Herman which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Richard B. Herman which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract insofar as asserted against him is denied.

Contrary to the Supreme Court's conclusion, the plaintiff stated a cause of action to recover damages for breach of contract against his former attorney, Richard B. Herman, and it was not duplicative of the legal malpractice cause of action, which the Supreme Court dismissed for failure to state a cause of action. The plaintiff alleged that he paid Herman the sum of $65,000 to make motions to vacate pleas he previously entered in state and federal court, and that Herman failed to do so. A cause of action to recover damages for breach of contract may be maintained against an attorney where there is a promise to perform and no subsequent performance, and such is not duplicative of a legal malpractice cause of action (*see Ruffolo v Garbarini & Scher*, 239 AD2d 8, 9-10 [1998]; *Kaplan v Sachs*, 224 AD2d 666, 667 [1996]; *Saveca v Reilly*, 111 AD2d 493, 494-495 [1985]; *see also Vogel v Lyman*, 246 AD2d 422, 423 [1998]; *see generally Colucci v O'Brien*, 204 AD2d 257 [1994]; *cf. Ferdinand v Crecca & Blair*, 5 AD3d 538, 539 [2004]). Accordingly, the Supreme Court should have denied that branch of Herman's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract insofar as asserted against him. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.