■ CHRISTINE MARINO et al., Respondents, v LIPSITZ, GREEN, FAHRINGER, ROLL, SALIBURY & CAMBRIA, LLP, et al., Appellants. [928 NYS2d 462]—

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession,' and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]).

"To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (*Snolis v Clare*, 81 AD3d 923, 925 [2011], *lv denied* 17 NY3d 702 [2011]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Kluczka v Lecci*, 63 AD3d 796, 797 [2009]; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2008]).

"On a motion for summary judgment in the legal malpractice context, the defendant must 'demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal malpractice cause of action' (*Greene v Sager*, 78 AD3d 777, 779 [2010]; *see Eisenberger v Septimus*, 44 AD3d 994 [2007]; *Kotzian v McCarthy*, 36 AD3d 863 [2007]). Once a defendant makes this

prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial (*see Siciliano v Forchelli & Forchelli*, 17 AD3d at 345; *Schadoff v Russ*, 278 AD2d 222 [2000])" (*Dempster v Liotti*, 169 AD3d at 181-182).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action alleging legal malpractice by demonstrating that the plaintiffs would be able to prove neither of the essential elements of that cause of action. In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, the Supreme Court should have awarded the defendants summary judgment dismissing the first cause of action.

Further, the Supreme Court should have awarded the defendants summary judgment dismissing the second cause of action alleging breach of contract as duplicative of the legal malpractice cause of action (*see Scartozzi v Potruch*, 72 AD3d 787, 789 [2010]; *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; *Campbell v Tamsen*, 37 AD3d 636, 637 [2007]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Ferdinand v Crecca & Blair*, 5 AD3d 538, 539 [2004]). Skelos, J.P., Belen, Hall and Roman, JJ., concur.