■ PEDRO BAUTISTA, Appellant, v 165 WEST END AVENUE AssOCIATES, L.P., Defendant, and THE 165 WEST END AVENUE CONDOMINIUM et al., Respondents/Third-Party Plaintiffs-Respondents. LYN BLACKSBERG, Third-Party Defendant-Respondent. (And Another Third-Party Action.) [27 NYS3d 384]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered February 28, 2014, insofar as appealed from as limited by the briefs, dismissing the Labor Law § 241 (6) claim as against defendant 165 West End Avenue Owners Corp. (Owners), unanimously affirmed, without costs.

Plaintiff allegedly was injured when a screw that he was removing in the course of replacing window balances in a cooperative apartment unit "jumped" and struck him in the

eye. Plaintiff is correct that his work replacing window balances constitutes "maintenance" pursuant to Industrial Code (12 NYCRR) § 23-1.4 (b) (13). However, because plaintiff did not perform the work in the context of construction, demolition or excavation, his Labor Law § 241 (6) claim was correctly dismissed (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Martinez v Morris Ave. Equities*, 30 AD3d 264 [1st Dept 2006]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.