◼ LUIS FELIX, Appellant, v KLEE & WOOLF, LLP, Respondent. [30 NYS3d 220]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 6, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 14, 2010, the plaintiff allegedly was injured while working for a contractor providing services to the New York City Parks Department (hereinafter the Parks Department) at Van Cortlandt Park in the Bronx. The plaintiff alleges that he fell from the grating of a seeding machine as it was being pulled by a tractor in the process of seeding a newly constructed cricket field. Following the accident, the plaintiff received Workers' Compensation benefits. Approximately 10 months after the accident, upon receiving a letter from the Workers' Compensation Board advising him to retain counsel with respect to his benefits, he retained the defendant law firm. While representing the plaintiff on his Workers' Compensation claim, the defendant did not pursue any negligence or Labor Law claims on his behalf against the alleged owners of Van Cortlandt Park, the City of New York and the Parks Department. Such claims, had they been pursued, would have necessitated seeking leave to serve a late notice of claim.

In October 2011, the plaintiff commenced this action, alleging, inter alia, that, but for the defendant's malpractice, he would have prevailed in a personal injury action against the City and the Parks Department due to their negligence and violations of the Labor Law. Thereafter, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice.

"To state a cause of action to recover damages for legal

malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566, 566 [2011] [internal quotation marks omitted]; *see Leder v Spiegel*, 9 NY3d 836, 837 [2007]; *Wray v Mallilo & Grossman*, 54 AD3d 328, 328-329 [2008]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (*Wray v Mallilo & Grossman*, 54 AD3d at 329; *see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566).

Thus, "[a] defendant moving for summary judgment in a legal malpractice action must . . . establish prima facie that the plaintiff cannot prove at least one of the essential elements of the malpractice claim" (*Wray v Mallilo & Grossman*, 54 AD3d at 329; *see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566). Contrary to the plaintiff's contention, even if the defendant had successfully moved on the plaintiff's behalf for leave to serve a late notice of claim against the City and the Parks Department, the plaintiff would not have prevailed in a subsequent personal injury action against them, as he had no viable common-law negligence or Labor Law claim.

"To make a prima facie showing of liability under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Singh v City of New York*, 113 AD3d 605, 606 [2014]). Here, the defendant established that the plaintiff would not have been successful against the City or the Parks Department on a cause of action asserting a violation of Labor Law § 240 (1), because the plaintiff would not have been able to show that the accident occurred in the context of "work performed on 'buildings or structures' " (*Vargas v State of New York*, 273 AD2d 460, 461 [2000], quoting Labor Law § 240 [1]). Similarly, the plaintiff would not have been able to assert a viable cause of action pursuant to Labor Law § 241 (6), since he was involved with seeding a cricket field, rather than in "construction, excavation or demolition work" (Labor Law § 241 [6]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact with respect to whether the work he performed was covered by Labor Law § 240 (1) or § 241 (6).

"A cause of action alleging a violation of Labor Law § 200 or common-law negligence may arise from either dangerous or defective premises conditions at a work site or the manner in which the work is performed" (*Rodriguez v Trades Constr. Servs. Corp.*, 121 AD3d 962, 964 [2014]). Where, as here, the claim arises out of alleged defects or dangers in the methods or materials of the work, "recovery cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.* at 964; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). The defendant established, prima facie, that neither the City nor the Parks Department, as the owner of Van Cortlandt Park, could be held liable under Labor Law § 200 or for common-law negligence. Although the plaintiff argues that the City and the Parks Department had notice of the dangerous manner in which the seeding machine was being used at the work site, the record is clear that neither the City nor the Parks Department had any authority to supervise or control the performance of the plaintiff's work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204-205 [2007]; *Guerra v Port Auth. of N.Y. & N.J.*, 35 AD3d 810, 811 [2006]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]; *Reynolds v Brady & Co.*, 38 AD2d 746, 746-747 [1972]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Pacheco v Halstead Communications, Ltd.*, 90 AD3d 877 [2011]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.