◾ ENZO MAMMONE, Appellant, v T.G. NICKEL & ASSOCIATES, LLC, Respondent, et al., Defendants. [41 NYS3d 97]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 12, 2014, as granted those branches of the motion of the defendant T.G. Nickel & Associates, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 2011, construction work was being done at Garden City High School. On July 27, 2011, the air conditioners on the roof of the school stopped working and the plaintiff, a maintenance worker for the school district, was assigned by his supervisor to fix them. The plaintiff obtained access to the air conditioners by climbing a ladder that was permanently affixed to the exterior of the building. After the plaintiff completed the necessary repair, he determined that the air filters on the air conditioners needed to be replaced. While climbing up the ladder in order to change the filters, the plaintiff fell off the ladder and allegedly sustained injuries.

The plaintiff commenced this action against, among others, the defendant T.G. Nickel & Associates, LLC (hereinafter Nickel), alleging that Nickel was the construction manager for the construction work at the high school and that it was liable for the accident based on a theory of common-law negligence and for violating Labor Law §§ 200, 240 (1) and 241 (6). Nickel subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court properly granted that branch of Nickel's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it. Nickel submitted evidence sufficient to establish, prima facie, that the plaintiff was not engaged in an enumerated activity protected under Labor Law

§ 240 (1) at the time of his accident. Furthermore, Nickel submitted evidence sufficient to establish, prima facie, that the plaintiff's accident did not involve construction, demolition, or excavation and, accordingly, that Labor Law § 241 (6) does not apply. In opposition, the plaintiff failed to raise a triable issue of fact.

We also find that the Supreme Court properly granted that branch of Nickel's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, albeit for a different reason. Nickel established, prima facie, that the ladder was not defective, and the plaintiff conceded that fact. Thus, the potential liability of Nickel, contrary to the Supreme Court's finding, was not based on its actual or constructive notice of any dangerous or defective condition of the ladder (*see McFadden v Lee*, 62 AD3d 966, 967 [2009]; *Chowdhury v Rodriguez*, 57 AD3d 121, 129 [2008]). Instead, the plaintiff allegedly was injured as a result of the manner in which he performed his work. Accordingly, recovery against Nickel under Labor Law § 200 or under the common law may only be found if Nickel had the authority to supervise or control the performance of the work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Wejs v Heinbockel*, 142 AD3d 990 [2016]; *Sanchez v Metro Bldrs. Corp.*, 136 AD3d 783, 787 [2016]; *Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010]; *McFadden v Lee*, 62 AD3d at 967; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Nickel established, prima facie, that it did not have authority to exercise supervision or control over the means and methods of the plaintiff's work. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted that branch of Nickel's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it (*see Marquez v L & M Dev. Partners, Inc.*, 141 AD3d 694, 699 [2016]; *Sanchez v Metro Bldrs. Corp.*, 136 AD3d 783, 787 [2016]). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.