■ ROCKY FERRIGNO, JR., Respondent, v JAGHAB, JAGHAB & JAGHAB, P.C., et al., Appellants. [59 NYS3d 115]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 9, 2015, as denied that branch of their motion which was for summary judgment dismissing the second amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action in the second amended complaint, and substituting therefor a provision granting those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On August 10, 2009, the plaintiff allegedly sustained injuries when he fell from a ladder while working on a light fixture at Medgar Evers College Prep School (hereinafter MECPS) in Brooklyn (hereinafter the subject premises). MECPS is a New York City school and the subject premises were owned by the Dormitory Authority of the State of New York (hereinafter DASNY). In September 2009, the plaintiff retained the defendants to represent him in his personal injury action predicated on common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). It is undisputed that the defendants did not pursue an action against DASNY and the plaintiff's time to commence such an action expired (see CPLR 217-a).

By filing a summons and complaint on November 20, 2012, the plaintiff commenced this action alleging, inter alia, legal malpractice based on the defendants' failure to commence an action against all legally responsible entities. On or about November 29, 2012, the plaintiff served an amended complaint to include the individually named defendants. On or about February 14, 2014, the plaintiff served a second amended complaint alleging three causes of action. The first cause of action alleged legal malpractice based on the defendants' failure to timely commence an action against DASNY. The second cause of action alleged, in effect, general negligence, and the third cause of action alleged breach of contract. Thereafter, the plaintiff moved for summary judgment on the issue of liability on his legal malpractice cause of action, arguing that but for the defendants' negligence he would have prevailed on a personal injury cause of action against DASNY for violation of Labor Law § 240 (1). The defendants cross-moved, inter alia, for summary judgment dismissing the second amended

complaint. The defendants argued that the plaintiff did not have a viable cause of action against DASNY for common-law negligence or violations of Labor Law §§ 200, 240 (1), and 241 (6). The defendants further argued that the plaintiff's second and third causes of action in the second amended complaint should be dismissed because they were duplicative of the legal malpractice cause of action. The Supreme Court denied the motion and cross motion, and the defendants appeal.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the legal malpractice cause of action. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566, 566 [2011] [internal quotation marks omitted]; *see Leder v Spiegel*, 9 NY3d 836, 837 [2007]; *Wray v Mallilo & Grossman*, 54 AD3d 328, 328-329 [2008]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (*Wray v Mallilo & Grossman*, 54 AD3d at 329; *see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566). Thus, "[a] defendant moving for summary judgment in a legal malpractice action must . . . establish prima facie that the plaintiff cannot prove at least one of the essential elements of the malpractice claim" (*Wray v Mallilo & Grossman*, 54 AD3d at 329; *see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566). Here, although the defendants established, prima facie, that the plaintiff would not have prevailed on a personal injury action against DASNY for common-law negligence or violations of Labor Law §§ 200 and 241 (6) (*see* Labor Law §§ 200, 241 [6]; *Felix v Klee & Woolf, LLP*, 138 AD3d 920, 921 [2016]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 645-646 [2010]), they failed to establish the same as to the viability of a Labor Law § 240 (1) cause of action.

To prevail on a cause of action under Labor Law § 240 (1), a

plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Moreira v Ponzo*, 131 AD3d 1025, 1026 [2015]; *Enos v Werlatone, Inc.*, 68 AD3d 713, 714 [2009]). In determining whether a particular activity constitutes "repairing," courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240 (1) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]). Generally, courts have held that work constitutes routine maintenance where the work involves "replacing components that require replacement in the course of normal wear and tear" (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *see Mammone v T.G. Nickel & Assoc., LLC*, 144 AD3d 761, 761 [2016]).

Here, the defendants' own submissions failed to eliminate triable issues of fact as to whether the plaintiff was engaged in "repair[s]" at the time of his accident or whether he was engaged in routine maintenance. On the one hand, the defendants submitted evidence establishing that the plaintiff was changing a ballast in a light fixture at the time of his accident, a job which constitutes routine maintenance since the replacement of this component occurs in the course of normal wear and tear (*see Konaz v St. John's Preparatory Sch.*, 105 AD3d 912, 913 [2013]; *Monaghan v 540 Inv. Land Co. LLC*, 66 AD3d 605, 605 [2009]; *Deoki v Abner Props. Co.*, 48 AD3d 510 [2008]; *Sanacore v Solla*, 284 AD2d 321 [2001]). However, the defendants also submitted the plaintiff's deposition testimony in support of their motion. The plaintiff testified at his deposition that he was in the midst of disconnecting, splicing, cleaning, and assessing the internal electrical wires in order to fix a light fixture when he fell from the ladder. Thus, the plaintiff's deposition testimony demonstrated the existence of a triable issue of fact as to whether the plaintiff was "repairing" the light fixture at the time of his accident (*see Nowakowski v Douglas Elliman Realty, LLC*, 78 AD3d 1033, 1034 [2010]; *Eisenstein v Board of Mgrs. of Oaks at La Tourette Condominium Sections I-IV*, 43 AD3d 987, 988 [2007]; *Fitzpatrick v State of New York*, 25 AD3d 755, 757 [2006]; *Piccione v 1165 Park Ave.*, 258 AD2d 357, 358 [1999]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the legal malpractice cause of action, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants are correct, however, that the Supreme Court erred in denying those branches of their motion, which were unopposed, for summary judgment dismissing the second and third causes of action as duplicative of the legal malpractice cause of action (*see Mecca v Shang*, 258 AD2d 569, 570 [1999]; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35 [1998]; *CVC Capital Corp. v Weil, Gotshal, Manges*, 192 AD2d 324, 324-325 [1993]; *cf. Rupolo v Fish*, 87 AD3d 684, 685-686 [2011]; *Reidy v Martin*, 77 AD3d 903 [2010]). Accordingly, the court should have awarded summary judgment dismissing the second and third causes of action in the second amended complaint.

The defendants' remaining contentions are without merit. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.