Wass v County of Nassau (2019 NY Slip Op 04748)





Wass v County of Nassau


2019 NY Slip Op 04748


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-07312
 (Index No. 603428/13)

[*1]Robert Wass, et al., appellants, 
v
County of Nassau, et al., respondents.


Dell & Dean, PLLC, Garden City, NY (Jay J. Massaro and Michael Schultz of counsel), for appellants.
Perez & Cariello, Uniondale, NY (Edgar Matos of counsel), for respondents County of Nassau and Nassau County Department of Public Works.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Brian W. McElhenny of counsel), for respondents Babcock Wooden Ladders and Babcock Company.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered June 22, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants County of Nassau and County of Nassau Department of Public Works which was for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants County of Nassau and County of Nassau Department of Public Works which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Robert Wass (hereinafter the plaintiff) was injured when he fell from atop an eight-foot wooden A-frame ladder while he was working on a lighting fixture at the Nassau Coliseum. The plaintiff, and his wife suing derivatively, commenced this action against the County of Nassau and the Nassau County Department of Public Works (hereinafter together the County defendants), among others, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The County defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the basis that the work performed by the plaintiff at the time of his accident was outside the ambit of Labor Law §§ 240(1) and 241(6). The plaintiffs cross-moved, among other things, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the County defendants. In an order entered June 23, 2016, the Supreme Court, inter alia, granted the subject branch of the County defendants' motion and denied the subject branch of the plaintiffs' cross motion. The plaintiffs [*2]appeal.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650; Moreira v Ponzo, 131 AD3d 1025; Enos v Werlatone, Inc., 68 AD3d 713). In determining whether a particular activity constitutes "repairing," courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1) of the Labor Law (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; Joblon v Solow, 91 NY2d 457; Smith v Shell Oil Co., 85 NY2d 1000, 1002). Generally, courts have held that work constitutes routine maintenance where the work involves "replacing components that require replacement in the course of normal wear and tear" (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761).
Here, the County defendants' own submissions highlighted rather than eliminated triable issues of fact as to whether the plaintiff was engaged in repairs or routine maintenance at the time of his accident. Among other things, the County defendants submitted the plaintiff's deposition testimony in support of summary judgment. Although the plaintiff's testimony demonstrated that some of the lighting poles on which he worked may have only required the tightening or replacement of a lightbulb, he testified that more labor intensive work was performed on other lighting poles in order to make them function, which fell within the scope of "repairing" a light fixture and, concomitantly, within the scope of Labor Law § 240(1) (see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 650; Eisenstein v Board of Mgrs. of Oaks at La Tourette Condominium Sections I-IV, 43 AD3d 987; Piccione v 1165 Park Ave., 258 AD2d 357).
Accordingly, the Supreme Court should have denied that branch of the County defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them.
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in . . . construction, excavation or demolition work" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "[T]he courts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work expansively. Under that regulation, construction work consists of [a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (De Jesus v Metro-North Commuter R.R., 159 AD3d 951, 953 [internal quotation marks omitted]). Since the plaintiff was arguably engaged in the repair of the subject lighting fixtures, the County defendants failed to establish, prima facie, that Labor Law § 241(6) was inapplicable to the plaintiff's activities. Thus, we disagree with the Supreme Court's determination to grant that branch of the County defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them.
We also disagree with the Supreme Court's determination to grant that branch of the County defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them (see Gonzalez v Perkan Concrete Corp., 110 AD3d 955).
We agree with the Supreme Court's denial of that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the County defendants, as the plaintiffs' submissions contain discrepancies which must be resolved by the trier of fact (see Cassidy v Allstate Ins. Co., 63 AD3d 869).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court