Lopipero v MTA Long Is. Rail Rd. (2019 NY Slip Op 08841)





Lopipero v MTA Long Is. Rail Rd.


2019 NY Slip Op 08841


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-01137
 (Index No. 4415/11)

[*1]Patrick Lopipero, respondent, 
v
MTA Long Island Rail Road, appellant.


Mark D. Hoffer, Jamaica, NY (Thomas L. Chiofolo of counsel), for appellant.
Levine and Wiss, PLLC, West Hempstead, NY (Anthony Ferrante and Mitchell Dranow of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered December 20, 2016. The order granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is reversed, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) are denied.
The plaintiff was employed by nonparty Ecology Sanitation (hereinafter Ecology), a company engaged in, among other things, the business of removing discarded railroad ties. On March 31, 2010, the plaintiff was assisting in the removal of discarded railroad ties, which were stacked in a pile at the Tuckahoe Crossing in Southhampton. The plaintiff allegedly was injured when one of the ties fell from the pile and struck his right leg.
Thereafter, the plaintiff commenced this personal injury action against the defendant, which was the alleged owner of the railroad ties and of the property where the accident occurred, alleging violations of Labor Law §§ 200, 240(1), and 241(6). In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendant appeals.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653 [internal quotation marks omitted]; see McCarthy v City of New York, 173 AD3d 1165, 1165). Labor Law § 240(1) "does not cover routine maintenance done outside the context of construction work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882; see Trotman v Verizon Communications, Inc., 166 AD3d 707, 708). "Generally, courts have held that work constitutes routine maintenance where the work involves replacing components that require replacement in the course of normal wear and tear'" (Wass v County of Nassau, 173 AD3d 933, 935, [*2]quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528).
Here, the plaintiff's submissions failed to eliminate triable issues of fact as to whether, at the time of his accident, he was engaged in an enumerated activity protected under Labor Law § 240(1), or whether he was engaged in routine maintenance (see Wass v County of Nassau, 173 AD3d at 934; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653; see also McCarthy v City of New York, 173 AD3d at 1166-1167). The plaintiff also failed to establish, prima facie, that his work took place in the context of a larger project which "encompassed activity protected under the statute" (Fitzpatrick v State of New York, 25 AD3d 755, 757; see Trotman v Verizon Communications, Inc., 166 AD3d at 708).
Further, the plaintiff failed to establish, prima facie, that his injuries arose from construction or demolition work within the meaning of Labor Law § 241(6) (cf. Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697).
Since the plaintiff failed to meet his prima facie burden, the Supreme Court should have denied those branches of his motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), regardless of the sufficiency of the defendant's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court