Deangelis v Franklin Plaza Apts., Inc. (2020 NY Slip Op 07162)





Deangelis v Franklin Plaza Apts., Inc.


2020 NY Slip Op 07162


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-09587
 (Index No. 2378/12)

[*1]Stephen Deangelis, appellant, 
v
Franklin Plaza Apartments, Inc., et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Barry Semel-Weinstein of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Michael A. Sonkin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated May 21, 2018. The order granted the defendants' motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Franklin Plaza Apartments, Inc.
ORDERED that the order is affirmed, with costs.
On May 18, 2011, the plaintiff, an employee of a company contracted by the defendant Franklin Plaza Apartments, Inc., to maintain its boilers, was dispatched to prepare and test the boilers for an upcoming city inspection. During his work, he used an extension ladder to access the top of a boiler. He allegedly was injured when the ladder fell to the ground.
The plaintiff commenced this action to recover damages for personal injuries, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants moved for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Franklin Plaza Apartments, Inc. The Supreme Court granted the defendants'
motion and denied the plaintiff's cross motion. The plaintiff appeals.
"'To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Dahlia v S & K Distrib., LLC, 171 AD3d 1127, 1128, quoting Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653 [internal quotation marks omitted]). "'In determining whether a particular activity constitutes "repairing," courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)'" (Dahlia v S & K Distrib., LLC, 171 AD3d at 1128, quoting Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653). Similarly, "'[r]outine maintenance is not within the ambit of Labor Law § 241(6)'" (Byrnes v Nursing Sisters of the Sick Poor, Inc., 170 AD3d 796, 797, quoting Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688; see Dixson v Waterways at Bay Pointe Home Owners Assn, Inc., 112 AD3d 884, 885). "'Generally, courts have held that [*2]work constitutes routine maintenance where the work involves "replacing components that require replacement in the course of normal wear and tear"'" (Dahlia v S & K Distrib., LLC, 171 AD3d at 1128, quoting Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528). "'[A]ltering' within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) by establishing that the plaintiff was not performing a repair or alteration when he was injured, and was instead engaged in routine maintenance. The defendants' submissions demonstrated that the plaintiff was dispatched to prepare the boilers for a city inspection that occurred every three years, and that his work consisted of testing the boilers' efficiency, cleaning parts, and replacing worn out parts. The defendants' evidence showed that the plaintiff's work "involved replacing components that require replacement in the course of normal wear and tear" (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528) and did not constitute "repairing," "altering," or any other enumerated activity (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 49; Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; Dahlia v S & K Distrib., LLC, 171 AD3d at 1128). In opposition, the plaintiff failed to raise a triable issue of fact.
For similar reasons, we agree with the court's determination denying the plaintiff's cross motion, since, as discussed above, the plaintiff's work was not protected by Labor Law § 240(1) (see Abbatiello v Lancaster Studio Assoc., 3 NY3d at 49; Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; Dahlia v S & K Distrib., LLC, 171 AD3d at 1128).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court