Cremona v Venture Holding & Mgt. Corp. (2020 NY Slip Op 07353)





Cremona v Venture Holding & Mgt. Corp.


2020 NY Slip Op 07353


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-02953
 (Index No. 603036/16)

[*1]Frank Cremona, appellant, 
v
Venture Holding & Management Corp., et al., respondents.


Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Martin A. Schwartzberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J), dated January 24, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell 10 to 12 feet to the ground from a ladder while servicing a malfunctioning alarm system component on a building. The plaintiff commenced this action against the owner and the lessee of the building to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 200 and 240(1) and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653, quoting Labor Law § 240[1]). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528). "Generally, courts have held that work constitutes routine maintenance where the work involves 'replacing components that require replacement in the course of normal wear and tear'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761, 761-762).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action, as the record demonstrated that when the plaintiff was injured, he was engaged in work that constituted routine maintenance. At his deposition, the plaintiff testified that as a field technician for an alarm systems company, he had responded to the defendants' premises, where he was given a worksheet that stated he was to "'replace two bad magnetic switches and adjust four magnets.'" While completing this assigned work atop a ladder, he fell and was allegedly injured. The defendants' owner was also deposed, and testified that the plaintiff's company had been called by the defendants to service their alarm system due to a "fault code." According to the defendants' owner, the alarm company had been retained by the defendants in order to "service and maintain the alarm system and the central station communication between the security system and the fire alarms." "[T]hey would stop in periodically . . . when they were doing upgrades to their system or if [the defendants] had a fault code." This evidence showed that the plaintiff's work "involved replacing components that require replacement in the course of normal wear and tear" and did not constitute "'repairing'" or any other enumerated activity (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Dahlia v S & K Distrib., LLC, 171 AD3d 1127, 1129).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, "the distinction between routine maintenance and repairing does not turn solely on whether the work involves fixing something that is not functioning properly" (Barbarito v County of Tompkins, 22 AD3d 937, 938; see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 49-53). Likewise, the plaintiff's deposition testimony that he had to unscrew "hard wired contact[s]" and strip the wires with "a screw driver and a pair of dikes" did not raise a triable issue of fact, as this was not established to be an action outside the umbrella of regular maintenance for the defendants' alarm system, for which the plaintiff's company had been contractually retained (see Dahlia v S & K Distrib., LLC, 171 AD3d at 1129). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action, and denying the plaintiff's motion for summary judgment on the issue of liability on that cause of action.
We also agree with the Supreme Court's determination directing dismissal of the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis—Palmer Hydro—Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d at 62).
Here, the defendants established, prima facie, that they did not exercise supervision or control over the performance of the work giving rise to the accident (see Casilari v Condon, 185 AD3d 896; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination awarding the defendants summary judgment dismissing these causes of action.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court