Muller v Schecter (2021 NY Slip Op 03326)





Muller v Schecter


2021 NY Slip Op 03326


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-07815
 (Index No. 600035/17)

[*1]Jill Muller, appellant,
v
Jeffrey Schecter, et al., respondents.


WeitzPascale, Mineola, NY (Andrew L. Weitz of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered June 1, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, and denied the plaintiff's application for sanctions.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application for sanctions is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against the defendants, who represented her in a matrimonial action. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff opposed the motion, and made an application for sanctions. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) and denied the plaintiff's application for sanctions. The plaintiff appeals.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 638).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301-302; see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Wray v Mallilo & Grossman, 54 AD3d 328, 329; see Ferrigno [*2]v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 652; Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP, 87 AD3d 566).
Here, accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint failed to sufficiently allege a failure by the defendants to exercise the ordinary skill and knowledge commonly possessed by a member of the legal profession and that any breach of such duty proximately caused damages (see Cali v Maio, 189 AD3d 1337). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847).
The Supreme Court providently exercised its discretion in denying the plaintiff's application for sanctions (see Burrell v Baptista, 180 AD3d 988; Warner v Orange County Regional Med. Ctr., 126 AD3d 887).
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court