■ BRENTON THOMPSON et al., Appellants, v 1701 CORP., Respondent. (And a Third-Party Action.) [857 NYS2d 732]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 27, 2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Brenton Thompson, a maintenance worker for Kentucky Fried Chicken (hereinafter KFC), allegedly was injured when he fell from a six-foot A-frame ladder which broke while he was replacing or tightening a screw or pin in the arm of a nonmotorized "door closer" at a KFC store. He and his wife, suing derivatively, subsequently commenced this action against the owner of the premises which was leased to KFC.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) on the basis that the injured plaintiff was not engaged in an activity protected under Labor Law § 240 (1), but was instead performing routine maintenance when he fell (*see Chizh v Hillside Campus Meadows Assoc., LLC,* 3 NY3d 664, 665 [2004]; *Esposito v New York City Indus. Dev. Agency,* 1 NY3d 526, 528 [2003]; *Azad v 270 5th Realty Corp.,* 46 AD3d 728 [2007], *lv denied* 10 NY3d 706 [2008]; *Anderson v Olympia & York Tower B Co.,* 14 AD3d 520, 521 [2005]). The defendant established, prima facie, its entitlement to judgment as a matter of law and, in opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention need not be reached in

light of our determination. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.