In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated June 22, 2011, as granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied his cross motion for summary judgment on the issue of liability on those causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violations of Labor Law § 240 (1) by showing that the plaintiffs accident did not occur while he was engaged in an activity enumerated in Labor Law § 240 (1), but rather, occurred while he was performing routine maintenance (see Owens v City of New York, 72 AD3d 775 [2010]; Thompson v 1701 Corp., 51 AD3d 904 [2008]; Azad v 270 5th Realty Corp., 46 AD3d 728 [2007]).
The plaintiff failed to raise a triable issue of fact in opposition to that branch of the defendants’ motion. The correction sheet attached to the plaintiff’s deposition transcript presented feigned issues of fact tailored to avoid the consequences of his earlier deposition testimony, and was, therefore, insufficient to raise a triable issue of fact (see Thompson v Commack Multiplex Cinemas, 83 AD3d 929 [2011]; Smith v Costco Wholesale Corp., 50 AD3d 499 [2008]; Guevara v Zaharakis, 303 AD2d 555 [2003]). The correction sheet contained no statement of reasons for making the corrections (see CPLR 3116 [a]; Shell v Kone El. Co., 90 AD3d 890 [2011]; Thompson v Commack Multiplex Cinemas, 83 AD3d at 930; Smith v Costco Wholesale Corp., 50 AD3d at 501; Dima v Morrow St. Assoc., LLC, 31 AD3d 697 [2006]). The plaintiffs affidavit also presented feigned issues of fact designed to avoid the consequences of his earlier deposition testimony, and was likewise insufficient to raise a triable issue of fact (see Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050 [2011]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993 [2010]; *688 Goberdhan v Waldbaum’s Supermarket, 295 AD2d 564 [2002]; Bloom v La Femme Fatale of Smithtown, 273 AD2d 187 [2000]). Therefore, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1), and properly denied that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability on that cause of action.
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violations of Labor Law § 241 (6). The defendants established, prima facie, that the work being performed by the plaintiff at the time of the accident was not connected to construction, excavation, or demolition work, as defined in the Industrial Code (see 12 NYCRR 23-1.4 [b] [13], [16], [19]). Routine maintenance is not within the ambit of Labor Law § 241 (6) (see Peluso v 69 Tiemann Owners Corp., 301 AD2d 360 [2003]). Therefore, Labor Law § 241 (6) is inapplicable (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526 [2003]; Nagel v D & R Realty Corp., 99 NY2d 98, 102 [2002]; Gallello v MARJ Distribs., Inc., 50 AD3d 734 [2008]; Wein v Amato Props., LLC, 30 AD3d 506 [2006]).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the work he was performing at the time of the accident came within the ambit of Labor Law § 241 (6). Therefore, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6), and properly denied that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability on that cause of action.
In light of our determination, we need not reach the plaintiffs remaining contentions. Florio, J.R, Dickerson, Sgroi and Miller, JJ., concur.