■ ELVIS SOBENIS, Respondent, v HARRIDGE HOUSE ASSOCIATES OF 1984, Defendant, and 225 EAST 57TH STREET OWNERS CORP., et al., Appellants. [976 NYS2d 113]—

In an action to recover damages for personal injuries, the defendants 225 East 57th Street Owners Corp. and Wallack Management, Inc., appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 6, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was working on an air conditioning system in a building when he fell off of a ladder and sustained personal injuries. The plaintiff thereafter commenced an action against, among others, 225 East 57th Street Owners Corp., the owner of the building, and Wallack Management, Inc., the manager of the building (hereinafter together the appellants), alleging a violation of Labor Law § 240 (1) and common-law negligence. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by showing that the plaintiff's work did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building within the meaning of Labor Law § 240 (1) so as to bring him within the protective ambit of that statute (*see* Labor Law § 240 [1]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Garcia-Rosales v Bais Rochel Resort*, 100 AD3d 687 [2012]). Rather, the appellants established that the plaintiff was performing annual servicing of the air conditioning system, done after the end of every cooling season, to ensure that the system continued to function effectively, and thus, that he was engaged merely in routine maintenance (*see Garcia-Rosales v Bais Rochel Resort*,

100 AD3d at 687; *Pound v A.V.R. Realty Corp.*, 271 AD2d 424 [2000]; *see generally Esposito v New York City Indus. Dev. Agency,* 1 NY3d at 528). The plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

The appellants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence by demonstrating that the plaintiff's accident was caused by the means and methods of his work, that his work was directed and controlled by his employer, and that they had no authority to exercise supervisory control over his work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877-878 [1993]; *Opalinski v City of New York,* 110 AD3d 694 [2013]; *Koat v Consolidated Edison of N.Y., Inc.,* 98 AD3d 474, 475-476 [2012]; *Robinson v County of Nassau,* 84 AD3d 919, 920 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.