■ JOHN MOSCOSO et al., Appellants, v OVERLOOK TOWERS CORP., Respondent. [993 NYS2d 703]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 9, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the negligence and Labor Law § 200 claims was proper in this action where plaintiff John Moscoso, an elevator mechanic, was injured when he slipped on ice and fell as he descended an exterior steel staircase that led from the roof of defendant's building to the elevator motor room. Plaintiff testified that there was a freezing rain falling at time that he slipped, and "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *see Weinberger v 52 Duane Assoc., LLC*, 102 AD3d 618 [1st Dept 2013]). The climatological records submitted by plaintiff fail to raise a triable issue of fact inasmuch as they conflicted with plaintiff's own testimony as to the weather conditions at the time of the fall (*see Paucar v Solaro*, 111 AD3d 569 [1st Dept 2013]).

Furthermore, dismissal of the claims alleging violations of Labor Law §§ 240 (1) and 241 (6) was also appropriate as the record establishes that these sections have no application to the instant matter where plaintiff was engaged in the routine maintenance of the building's elevators (*see e.g. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York*

*City Indus. Dev. Agency*, 305 AD2d 108 [1st Dept 2003], *affd* 1 NY3d 526 [2003]). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.