Byrnes v Nursing Sisters of the Sick Poor, Inc. (2019 NY Slip Op 01736)





Byrnes v Nursing Sisters of the Sick Poor, Inc.


2019 NY Slip Op 01736


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-11982
 (Index No. 602419/13)

[*1]Joseph Byrnes, respondent, 
v
Nursing Sisters of the Sick Poor, Inc., appellant.


Fitzpatrick & Hunt, Pagano, Aubert, LLP, White Plains, NY (William T. J. Salerno of counsel), for appellant.
Neil H. Greenberg & Associates, P.C., Massapequa, NY (Keith E. Williams of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 26, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) is granted.
The plaintiff allegedly injured his back when he was performing a seasonal "start-up" of a cooling tower on the defendant's HVAC system, which consisted of transitioning the HVAC system from heating to cooling. The company the defendant was employed by had done this work on a yearly basis for the past 10 years. As part of the work, the plaintiff and his coworker needed to reinstall a circulation pump on the HVAC tower, which had been removed for the winter months. To do so, the plaintiff tied a rope around the circulation pump, which weighed approximately 100 pounds, passed the rope over the top of an overhead beam, and pulled from the other side to raise the pump about three to five feet off the ground so his coworker could install it in the cooling tower. The plaintiff held the pump in the air for about 20 or 25 minutes while his coworker attempted to install it, but felt pain in his back and was unable to hold it any longer. The plaintiff allegedly needed back surgery as a result of the incident.
The plaintiff commenced this personal injury action against the defendant owner of the property and asserted three causes of action, alleging negligence and violations of Labor Law §§ 200 and 241(6). The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted those branches of the motion which were to dismiss the causes of action alleging violations of Labor Law § 200 and negligence, but denied that branch of the motion which was to dismiss the cause of action alleging violations of Labor Law § 241(6). The defendant appeals.
Although maintenance work performed in connection with construction, demolition, or excavation work is included under Labor Law § 241(6), "[r]outine maintenance is not within the [*2]ambit of Labor Law § 241(6)" (Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688). The Labor Law "does not cover routine maintenance in a nonconstruction, nonrenovation context" (Riccio v NHT Owners, LLC, 51 AD3d 897, 899 [internal quotation marks omitted]).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact on the cause of action alleging a violation of Labor Law § 241(6). The facts establish that the work the plaintiff was performing at the time of his injury consisted of routine maintenance, which is outside the scope of Labor Law § 241(6) (see Goad v Southern Elec. Intl., 263 AD2d 654; see also Nagel v D & R Realty Corp., 99 NY2d 98; Garcia-Rosales v Bais Rochel Resort, 100 AD3d at 687). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court