Diamond v TF Cornerstone Inc. (2023 NY Slip Op 06473)

Diamond v TF Cornerstone Inc.

2023 NY Slip Op 06473

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 152626/16 Appeal No. 1270 Case No. 2022-03974 

[*1]Sean Diamond, Plaintiff-Respondent-Appellant,
v
TF Cornerstone Inc., et al., Defendants-Respondents, ABM Industries, Inc., Doing Business as ABM Janitorial Services Northeast, Inc., Defendant-Appellant-Respondent, Unity Building Security, Inc., Defendant-Respondent-Appellant.

McGiff Halverson Dooley LLP, Patchogue (Daniel J. O'Connell of counsel), for appellant respondent.
Peknic, Peknic & Schaefer, LLC, Long Beach (Catherine Papandrew of counsel), for Sean Diamond, respondent-appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for Unity Building Security, Inc., respondent-appellant.
Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for TF Cornerstone Inc. and Carnegie Hall Tower II, LLC, respondents.
Cullen and Dykman, LLP, New York (Michael J. Winter of counsel), for Klear Electrical Corp., respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about August 19, 2022, which, to the extent appealed as limited by the briefs, denied defendant Unity Building Security, Inc.'s (Unity) cross-motion for summary judgment dismissing the negligence cause of action against it, denied defendant ABM Industries, Inc.'s (ABM) motion for summary judgment dismissing the negligence cause of action and all cross-claims against it, denied plaintiff's motion for summary judgment on his Labor Law § 241(6) cause of action, and granted defendant Klear Electrical Corp.'s motion and defendants Unity, AMB, Carnegie Hall Tower II, LLC, and TF Cornerstone Inc.'s cross-motions for summary judgment dismissing plaintiff's Labor Law § 241(6) claim, unanimously modified, on the law, to grant Unity's cross-motion, and otherwise affirmed, without costs.
In light of the testimony of the chipped and broken step on the stairway, the motion court properly denied dismissal of plaintiff's negligence cause of action against ABM. ABM's moving papers did not present evidence establishing a prima facie rebuttal of plaintiff's theory that ABM created or exacerbated the defective conditions of the stairway, thereby launching a force or instrument of harm, by cleaning the stairway with chemicals that may have damaged the steps (see Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 140 [2002]; Cardenas v Somerset Partners, LLC, 158 AD3d 439, 440 [1st Dept 2018]; Bharat v RPI Indus., Inc., 100 AD3d 491, 491 [1st Dept 2012]).
Since a question of fact exists as to whether ABM was free from fault with respect to its contractual obligations with respect to the stairways, denial of that portion of its motion seeking dismissal of all cross-claims for contribution and indemnification against it was also proper (see generally Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 247-248 [1st Dept 2013]; Structure Tone, Inc. v Universal Servs. Group, Ltd., 87 AD3d 909, 911 [1st Dept 2011]; CPLR 1401).
Unity, the building's fire safety and security contractor, should have been granted summary judgment. Even assuming that Unity's contractual fire safety inspection duties extended to the identification of premises defects such as the broken step involved in plaintiff's mishap, any failure by Unity to identify that defect would not have constituted the affirmative launching of a force or instrument of harm within the meaning of Espinal (see Ileiwat v PS Marcato Elev. Co., Inc., 178 AD3d 517, 519 [1st Dept 2019]). The same is true of any failure by Unity to call attention to insufficient lighting of the stairway. Further, Unity's contract did not completely displace the duty of the owner or managing agent to maintain the safety of the premises (see id.). Nor is there any evidence that plaintiff detrimentally relied on Unity to perform its contractual duties. Accordingly, on this record, none of the Espinal conditions for holding a premises contractor liable for an injury [*2]to a third party are satisfied with respect to Unity. While Unity failed to raise this issue before the motion court, the issue is one of law that may be considered for the first time on appeal (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Supreme Court properly dismissed plaintiff's Labor Law § 241(6) cause of action as being inapplicable here. Plaintiff was not engaged in construction, demolition, excavation, or making repairs in connection with ongoing construction (see Nagel v D & R Realty Corp., 99 NY2d 98, 102-103 [2002]; see also Caban v Maria Estela Houses I Assoc., L.P., 63 AD3d 639, 640 [1st Dept 2009]; Blandon v Advance Contr. Co., 264 AD2d 550, 552 [1st Dept 1999], lv denied 94 NY2d 745 [1999]). Instead, he was performing routine maintenance on
the freight elevator (see Moscoso v Overlook Towers Corp., 121 AD3d 438, 438 [1st Dept 2014]; see also Mata v Park Here Garage Corp., 71 AD3d 423, 424 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023