Barron v City of New York (2025 NY Slip Op 05212)

Barron v City of New York

2025 NY Slip Op 05212

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-04687
 (Index No. 13863/15)

[*1]Don Barron, appellant-respondent, 
v
City of New York, et al., defendants-respondents, Northeast Remsco Construction, Inc., defendant third-party plaintiff-respondent; Severn Trent Environmental Services, Inc., third-party defendant-respondent- appellant.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant-respondent.
Marshall Conway Bradley & Gollub, P.C., New York, NY (Carol Ann Weinman of counsel), for third-party defendant-respondent-appellant.
Kowalski & DeVito (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone, Nicholas Tam, and Anna Conte], of counsel), for defendants-respondents and defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 6, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants and the separate motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The order, insofar as cross-appealed from, denied that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants, payable by the plaintiff.
In November 2015, the plaintiff commenced this action against the defendants, City of New York, New York City Department of Environmental Protection, Bureau of Waste Water Treatment, and Northeast Remsco Construction, Inc. (hereinafter Northeast Remsco), to recover damages for personal injuries he allegedly sustained on March 5, 2015, when he fell from a retaining wall bordering the Gowanus Canal while conducting an inspection as part of his employment with Severn Trent Environmental Services, Inc. (hereinafter Severn Trent). The complaint alleged that Northeast Remsco had been retained as a general contractor to reconstruct the Gowanus Waste Water Pumping Station and that Severn Trent had been retained to monitor equipment and perform [*2]scheduled maintenance. The complaint asserted, inter alia, causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. Northeast Remsco commenced a third-party action against Severn Trent, among other things, for contractual indemnification.
Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Severn Trent separately moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and the third-party cause of action for contractual indemnification. In an order dated June 6, 2022, the Supreme Court, inter alia, granted those branches of the defendants' motion, granted those branches of Severn Trent's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and denied that branch of Severn Trent's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. The plaintiff appeals, and Severn Trent cross-appeals.
Labor Law § 240(1) provides special protection to workers involved in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880; Valentin v Stathakos, 228 AD3d 985, 989). Whether inspection work falls within the purview of Labor Law § 240(1) is to be decided on a case-by-case basis considering the context of the work (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883; Channer v ABAX Inc., 169 AD3d 758, 759). Here, the defendants and Severn Trent demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) by demonstrating that the plaintiff's accident did not occur while he was engaged in work within the ambit of Labor Law § 240(1), and, in opposition, the plaintiff failed to raise a triable issue of fact (see Cunningham v City of New York, 237 AD3d 422, 422; Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687).
"To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Flores v Fort Green Homes, LLC, 227 AD3d 672, 674 [alteration and internal quotation marks omitted]; see Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 991). "Although maintenance work performed in connection with construction, demolition, or excavation work is included under Labor Law § 241(6), '[r]outine maintenance is not within the ambit of Labor Law § 241(6)'" (Byrnes v Nursing Sisters of the Sick Poor, Inc., 170 AD3d 796, 797, quoting Garcia-Rosales v Bais Rochel Resort, 100 AD3d at 688; see Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1002).
Here, the defendants and Severn Trent established, prima facie, that the work being performed by the plaintiff at the time of the accident consisted of routine maintenance, which is outside the scope of Labor Law § 241(6) (see Deangelis v Franklin Plaza Apts., Inc., 189 AD3d 772, 773; Byrnes v Nursing Sisters of the Sick Poor, Inc., 170 AD3d at 797; Garcia-Rosales v Bais Rochel Resort, 100 AD3d at 688). In opposition, the plaintiff failed to raise a triable issue of fact.
"Labor Law § 200 codifies the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Lupo v Caruso, 237 AD3d 923, 923; see Pisculli v Tew, 238 AD3d 919, 921). Where, as here, the allegations involve a dangerous or defective condition on the premises where the work was performed, a property owner will be held liable under common-law negligence and Labor Law § 200 "'if it either created a dangerous or defective condition, or had actual or constructive notice of it'" (Lupo v Caruso, 237 AD3d at 923, quoting Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063-1064; see Mejia v 69 Mamaroneck Rd. Corp., 232 AD3d 886, 888). "'Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm'" (Cerar v Jefferson Val. Mall L.P., 225 AD3d 738, 739 [internal quotation marks omitted], quoting Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 by submitting evidence, including a transcript of the plaintiff's deposition testimony, demonstrating that a storm was in progress at the time when the plaintiff fell (see Wechsler v Ave. L., LLC, 234 AD3d 895, 896-897; Polis v City of New York, 230 AD3d 807, 808-809; see also Moscoso v Overlook Towers Corp., 121 AD3d 438, 438). In opposition, the plaintiff failed to raise a triable issue of fact (see Cerar v Jefferson Val. Mall L.P., 225 AD3d at 740; Small v Coney Is. Site 4A-1 Houses, Inc., 28 AD3d 741, 742). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.
Finally, the Supreme Court properly denied that branch of Severn Trent's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. Severn Trent failed to establish, prima facie, that the indemnification provision at issue did not entitle Northeast Remsco to indemnification for the attorneys' fees and litigation expenses incurred in defending the main action (see Pena v 104 N. 6th St. Realty Corp., 157 AD3d 709, 711; Yacovacci v Shoprite Supermarket, Inc., 24 AD3d 539, 541).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court